SUMMONS

Attorney(s) Marco M. Benucci, Esq.

Office Address  1130 Route 202 South Suite A-7

Town, State, Zip Code  Raritan, New Jersey 08869

Telephone Number  908.393.6445

Attorney(s) for Plaintiff  Michelle Magnani

MICHELLE MAGNANI

_____
        Plaintiff(s)

vs.

MICHAEL MADDALUNA,

KIM METZ ET. AL.
_____
        Defendant(s)

**Superior Court of**
**New Jersey**

Somerset        County

Civil Part-Law  Division

Docket No: SOM-L-000729 -18

**CIVIL ACTION**
**SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

   The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

   If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

   If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                                        Michelle M. Smith /s/
                                                        _____
                                                        Clerk of the Superior Court

DATED:  07/29/2018

Name of Defendant to Be Served:  KIM METZ

Address of Defendant to Be Served:  c/o H.C.B.of V.E. 8 Bartels Corner Road, #2, Flemington, NJ 08822

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

WRONKO LOEWEN BENUCCI
Marco M. Benucci, Esq.
Id No. 018601994
1130 ROUTE 202 SOUTH
SUITE A-7
RARITAN, NEW JERSEY 08869
T:  908.393.6445
F:  908.393.6447
E:  lawoffice@marcobenucci.com
Attorney for Plaintiff, Michelle Magnani

| | |
|---|---|
| MICHELLE MAGNANI<br><br>　　　　　Plaintiff(s),<br><br>v.<br><br>MICHAEL MADDALUNA, KIM METZ,<br>HUNTERDON COUNTY BOARD OF<br>VOCATIONAL EDUCATION, KEVIN<br>GILLMAN, RIDGELEY HUTCHINSON,<br>JOHN PHILLIPS, JUAN TOREES,<br>ELIZABETH MARTIN, DOES 1-10,<br>INDIVIDUALLY, JOINTLY AND/OR<br>SERVERALLY<br><br>　　　　　Defendant(s), | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – CIVIL PART<br>*SOMERSET COUNTY*<br><br><br>DOCKET NO:<br><br><br>**Civil Action**<br><br><br>**COMPLAINT, DESIGNATION OF TRIAL<br>COUNSEL, AND REPLY TO ALL<br>FUTURE COUNTER-CLAIMS AND<br>THIRD-PARTY CLAIMS** |

Plaintiff, Michelle Magnani ("Plaintiff" or "Magnani"), residing at 214 South 19th Street,

Borough of Manville, County of Somerset, State of New Jersey, by and through its counsel, Marco

M. Benucci, Esq., by way of this Complaint against the Defendants hereby complains, states and

alleges as follows:

## PARTIES

1.  Plaintiff, Michelle Magnani, (hereinafter "Plaintiff" or "Magnani") is and at relevant

Times was a resident of Somerset County, State of New Jersey and an employee of the Hunterdon County Vocational School District. Plaintiff was employed a teacher for Cosmetology at the Polytech Vocational High School.

    2.  Defendant, Michael Maddaluna (Hereinafter "Maddaluna") is and at all relevant times an employee of the Hunterdon County Vocational School District. At all times Maddaluna was Superintendent of Superintendents for Hunterdon, Mercer, Middlesex, Ocean, Somerset and Union Counties with oversight of all the superintendents and the direct supervisor of Defendant, Kim Metz with the power to direct work activities, and with the authority to hire, fire, transfer and discharge employees or the responsivity to direct them.

    3.  Defendant, Kim Metz (Hereinafter "Metz") is and at all relevant times the Superintendent of the Hunterdon County Vocational School District. Metz is the administrator or manager in charge of a number of public schools or a school district, a local government body overseeing public schools and hired by Defendant, Board who has general management responsibilities including, but not limited to, hiring and/or firing senior and low-level staff.

    4.  Defendant, Hunterdon County Board of Vocational Education (Hereinafter "Board") is and all relevant times a local board or committee in charge of public education responsible for the provision and maintenance of the public schools in their district working in their communities to improve student achievement in their district's local public schools.

    5.  Defendant(s), Kevin Gilman, Ridgeley Hutchinson, John Phillips, Juan Torres, Elizabeth Martin, (Hereinafter Collectively "Members") are and at all relevant times are employees of the Hunterdon County Vocational School District.

    6.  The true names and capacities of Defendants Does 1 through 10, inclusive are Unknown to the Plaintiff and are included in the lawsuit by such fictitious names. Plaintiff

alleges that each factiously named defendant acted or failed to act in such a manner that each has contributed in proximately causing the damages to Plaintiff as herein alleged. Plaintiff will seek leave of the Court to amend this Complaint to set forth their true names and capacities when ascertained.

## BACKGROUND AND FACTS COMMON TO ALL PARTIES

7.  On the date of employment, Plaintiff entered into an employment agreement with Defendant, Board as a full time adult cosmetology teacher at Polytech Vocational School.

8.  During the course of her employment, Plaintiff performed her various teaching responsibilities s is an exemplary fashion, received recognition for her continuous meritorious teaching skills and services and otherwise capably performed each and every condition of her employment agreement.

9.  Notwithstanding her meritorious service and work ethic, Plaintiff was subjected to unfounded criticism and retaliatory conduct in an attempt to hinder her ability to perform and carry out her daily teaching duties.

10. Since her termination on or about June, 2016, Plaintiff has made numerous attempts to find comparable employments. Prospective employers have inquired as to the reason(s) for Plaintiff termination from her teaching position at Polytech Vocational School. Plaintiff has yet to find a comparable full time adult cosmetology teaching position.

### A.  THE 2010 INCIDENT

11. On or about 2010, Defendant, Maddaluna was the head of the superintendents of the Somerset County Vocational School District, as well as, other county school districts.

12. At that time, Maddaluna wanted to terminate a cosmetology program at the Bridgewater Vocational Technical School in Somerset County, New Jersey

13. The termination of this cosmetology program would mean that the students enrolled in that program would have to transfer to a private school to finish their curriculum at a cost of about $3,000.00 to $4,000.00 rather than a cost of $2,000.00 at the Bridgewater Vocational Technical School program.

14. At that time Plaintiff was there teacher of the cosmetology class which had about twelve (12) students of which seven (7) were African American.

15. The uncle of one of the African American students was employed by the NAACP which interceded on behalf of the cosmetology students.

16. After a meeting with the school, the program was allowed to be completed and the students allowed to graduate before the program was terminated.

17. Upon information and belief, defendant, Maddaluna blamed the Plaintiff for the intervention of the NAACP into school affairs and swore to make Plaintiff's life a living heel because he could terminate the program as quickly as he wanted.

18. Defendant, Maddaluna had no evidence that Plaintiff was in anyway responsible for the NAACP intervening on behalf of the students to allow the program to continue and not be terminated.

**B.    THE CURRENT INCIDENT**

19. Prior to being hired as a part time adult education teacher of cosmetology on or about 2014, Plaintiff was on the advisory Board at Polytech Vocational High School in Branchburg

20. On or about 2014, Plaintiff was hired as a part time adult education teacher of cosmetology at Polytech Vocational High School in Branchburg, New Jersey for the 2014-2015 school year. Her responsibilities included, but not limited to, teaching the art of cosmetology to her students and helping her students pass the state cosmetology licensing test.

21. Prior to being hired at Polytech Vocational High School in Branchburg, New Jersey, Jessica Capalosi, who was the director of Curriculum at the Polytech at Bartles Corner Road, where Plaintiff originally worked part time, let Plaintiff know that they wanted to move her over to a full time adult cosmetology teaching position at Polytech Vocational High School in Branchburg, New Jersey.

22. On or about 2015, Plaintiff was hired as a full time high school teacher of Cosmetology with the same responsibilities and goals for her student as when she was employed as a part time cosmetology adult education teacher.

23. Dan Kerr, principal of Polytech Vocational High School in Branchburg, New Jersey came in to Plaintiff's classroom one day during the school year and congratulated the Plaintiff, over to Polytech's main school here in Flemington, New Jersey.

24. During that school year, Plaintiff was told many times by Dan Kerr, principal of Polytech Vocational High School in Branchburg, New Jersey and Jessica Capalosi that she was doing a fine job and her evaluations from them were always excellent. Plaintiff always handed her weekly curriculum on time as directed.

25. Plaintiff stayed after school hours to tutor students needing help; attended all school meetings; attended extra curriculum events; attended school functions, and even rearranged her Saturday salon days with her clientele to attend school functions held on Saturdays because of inclement weather rescheduling.

26. On or about December, 2015, Plaintiff asked defendant, Metz how her performance as a teacher was viewed by her employer and was informed that Plaintiff was doing a "great job" and "happy to have you on board" that there was "no reason" why Plaintiff would not be rehired full time for the upcoming year.

27. Plaintiff relying on that information started to reduce the number of her clientele of her secondary employment as a hair stylist. At this time Plaintiff had approximately three (300) hundred loyal and reliable clients.

28. Sometime in early 2016, Defendant, Metz, informed the Plaintiff by handing her slip of paper which informed Plaintiff that she would not be hired for upcoming 2016-2017 school year. Defendant, Metz, never attended and or/observed any of Plaintiff's classes to see plaintiff's teaching skills and methods or speak to her students to see how each was doing in the class and/or ask how I was doing with respect to teaching them the skills her students need to pass the class and/or the state licensing examination.

29. Furthermore, knowing that she was to be terminated at the end of the school year in June, 2016, she attended a mandatory meeting to discuss upcoming responsibilities and changes that was going to occur in the upcoming year.

30. On or about April 18, 2016, Plaintiff appeared before Defendant, Board, in the school's cafeteria to plead her case to remain as a full time high school cosmetology teacher for Polytech Vocational School and was accompanied by NPEA representative Chuck Toye. Ms. Elaine DeBenedetto, a cosmetology instructor, as well as, many of her students and their parents spoke on behalf of the Plaintiff to keep her job

31. On or about May 16, 2016, Plaintiff appeared again before Defendant, Board again to plead her case to remain as a full time high school cosmetology teacher for Polytech Vocational School and was accompanied by NJEA representative David Bacon.

32. At that meeting while Plaintiff was pleading her case, two (2) of the Defendant, Board members seemed board were not paying any attention to what the Plaintiff was saying. One Defendant, Board member was eating his dinner not even listening to what Plaintiff was

saying. A second Defendant Board member was fixated on the lights and lighting in the room and also not listening to what the Plaintiff was saying.

33. After, Defendant Board members left the council room and retired behind closed doors, Defendant, Board members returned only after five (5) minutes of deliberation, Defendant, Board sustained Plaintiff's non-renewal as a cosmetology teacher at Polytech Vocational School. This was a private meeting in the school's board room.

34. Plaintiff continued to work diligently until the end of the school year grading papers, encouraging her students, assisting them to study and pass the state certification test all the while knowing that she would not be hired for the next school year.

35. Plaintiff was terminated on or about June 16, 2016 at the end of her last class with her students where despite her being terminated was faithful to her job and conscientious enough to stay beyond the normally schedule dismissal end of the school day preparing her student files for the upcoming school year.

36. After plaintiff termination the Board hired younger and less experienced teachers to teach future students in the cosmetology curriculum at the school resulting in the students' being poorly educated and unable to pass the state licensing examination in the same high percentage as when the Plaintiff was teaching her students.

37. Defendants, knowing full well, that Plaintiff was terminated as of June, 2016, Defendant delayed providing Plaintiff with the documents need and answers to the Division of Unemployment needed for her to apply for unemployment benefits until September, 2016.

38. Plaintiff, as a single mom, also supporting her daughter was deprived on her major source of income, loss of unused sick time, and medical coverage placing her health in jeopardy.

39. The loss of Plaintiff's major income ultimately resulted in the Plaintiff having to file Voluntary, Chapter 7, Bankruptcy in the United States Bankruptcy Court, District of New Jersey in 2017.

## FIRST COUNT

### (Breach of Contract)

40. Plaintiff repeats each and every allegation of all the preceding paragraphs as if said paragraphs are fully set forth herein.

41. Plaintiff entered into an employment agreement with Defendants to work as a full time high school cosmetology teacher for which the defendants agreed to pay her compensation.

42. During the course of her employment, Plaintiff was told that she was doing a great job. As a result of these representations, Plaintiff reasonably relied on the promise of job security for the upcoming school year and beyond. Such statements and acts communicated to the Plaintiff, gave Plaintiff the idea that she had performed her job. Satisfactorily and that her job was secure. Plaintiff in good faith relied on those representations and believed them to be true.

43. Plaintiff's reliance on, belief in, and acceptance in good faith of all the assurances, promises, or representations led Plaintiff throughout her employment with Defendant to reasonably believe that her employment was secure. In addition to performing her regular duties a s a teacher and employee of the defendants, Plaintiff as a further consideration started to reduce her second employment hours and income as a hair stylist.

44. Plaintiff undertook and continued her employment and duly performed all of the conditions of her employment agreement to be performed by her. Plaintiff had all times been ready, willing, and able to perform, and has offered to perform all of the conditions of the agreement to be performed by her.

45. Defendants breached said Agreement by failing to carry out their responsibilities under the term of the employment Agreement by wrongfully terminating Plaintiff's employment with Defendants.

46. As a proximate cause of Defendants' breach of the employment Agreement, Plaintiff has suffered and continues to suffer, substantial losses in earnings, and other employment benefits which she would have received had Defendants' not breached the employment agreement.

**WHEREFORE,** Plaintiff demands judgment on this Count of the Complaint against the Defendants, jointly and severally, for an Order as follows:

(a)    Compensatory, consequential and incidental damages;

(b)    Punitive damages;

(c)    Interest;

(d)    Attorney's Fees and Costs of Suit;

(e)    Such other and further relief the Court deems proper and just.

### SECOND COUNT

**(Breach of Good Faith and Fair Dealing)**

47. Plaintiff repeats each and every allegation of all the preceding paragraphs as if said paragraphs are fully set forth herein.

48. The employment agreement and any written or verbal amendment thereto, between plaintiff and defendants, contained an implied covenant of good faith and fair dealing by which defendants, and each of them, promised to give full cooperation to plaintiff in her performance under the agreement, and to refrain from doing any act that would prevent or

impede plaintiff from performing all of the conditions of the agreement to be performed by her and to refrain from any act that would prevent or impede Plaintiff's enjoyment of the fruits of the contract. The covenant of good faith and fair dealing required defendants to fairly, honestly, and reasonably perform the terms and conditions of the agreement.

49.  The covenant of good faith and fair dealing inheres in every contract and, in particular, is implied in the terms of Plaintiffs employment agreement with Defendants by reason of, but not limited to, plaintiffs outstanding performance for defendants, and defendants' policies of dealing in good faith with its employees. These factors, among others, preclude termination of plaintiff without good cause.

50.  Defendants' willful breach of their promises, and subsequent wrongful termination of Plaintiff's employment was wrongful, in bad faith, arbitrary, and unfair, and therefore in breach of the covenant in that Plaintiff was deprived of her rights in that defendant violated the policy to deal consistently and fairly with their employees.

51. Defendants acted in bad faith with the intent to deprive Plaintiff of its rights and benefits under the Contract.

52. The Defendants did not deal with the Plaintiff in a fair manner and intended to deprive the Plaintiff of its benefits under the Contract.

53. The Defendants' conduct caused the Plaintiff to be deprived of its contractual rights and benefits and to suffer injury, damage and harm.

54. As a proximate cause of Defendants' breach of the employment Agreement, Plaintiff has suffered and continues to suffer, substantial losses in earnings, and other employment benefits which she would have received had Defendants' not breached the employment agreement.

55.  As a direct, foreseeable, and proximate result of defendants' breach, plaintiff suffered, and continues to suffer, substantial losses in earnings and other employment benefits,

**WHEREFORE,** Plaintiff demands judgment on this Count of the Complaint against the Defendants, jointly and severally, for an Order as follows:

(f)     Compensatory, consequential and incidental damages;

(g)     Punitive damages;

(h)     Interest;

(i)     Attorney's Fees and Costs of Suit;

(j)     Such other and further relief the Court deems proper and just.

## THIRD COUNT

### (Fraud)

56. Plaintiff repeats each and every allegation of all the preceding paragraphs as if said paragraphs are fully set forth herein.

57. The Defendants, specifically, but not limited to, Metz and Maddaluna and  engaged in deceit and fraud in its dealings with the Plaintiff.

58. The Defendants, specifically, but not limited to, Metz and Maddaluna, intentionally, maliciously, wantonly and recklessly wrongfully terminated Plaintiff's Contract to deprive the Plaintiff the benefits of the Contract.

59.  The Defendants, specifically, but not limited to, Metz, Maddaluna, conspired together to effectuate this fraud and deprive the Plaintiff of the benefits of the Contract.

60.  The Defendants, specifically, but not limited to, Metz, Maddaluna, misrepresentations and deceitful conduct caused detrimental reliance to the Plaintiff.

61. The Defendants, specifically, but not limited to, Metz, Maddaluna, fraud has caused and continues to cause Plaintiff severe and irreparable damage.

62. As a proximate cause of Defendants' breach of the employment Agreement, Plaintiff has suffered and continues to suffer, substantial losses in earnings, and other employment benefits which she would have received had Defendants' not breached the employment agreement.

63. As a direct, foreseeable, and proximate result of defendants' breach, plaintiff suffered, and continues to suffer, substantial losses in earnings and other employment benefits,

**WHEREFORE,** Plaintiff demands judgment on this Count of the Complaint against the Defendants, jointly and severally, for an Order as follows:

(k)    Compensatory, consequential and incidental damages;

(l)    Punitive damages;

(m)    Double damages;

(n)    Interest;

(o)    Attorney's Fees and Costs of Suit;

(p)    Such other and further relief the Court deems proper and just.

## FOURTH COUNT

### (Tortious Interference)

64. Plaintiff repeats each and every allegation of all the preceding paragraphs as if said paragraphs are fully set forth herein.

65. At all relevant times, Defendants acted willfully, intentionally and with malice to

wrongfully interfere and deprive the Plaintiff of its business, contractual rights and economic advantage under the terms of the Contract by her wrongful termination.

66. The Defendants clearly possessed knowledge as to the Plaintiff's contractual rights under the terms of the employment Agreement.

67. Despite knowing same, Defendants interfered with Plaintiff's contractual rights in a wrongful manner to deprive the Plaintiff of the benefits of the contract and the contractual rights that flowed therefrom.

68. Defendants' unlawful interference with Plaintiff's business and contractual rights was not justified and was done maliciously to injure the Plaintiff.

69. Defendants' actions herein caused the Plaintiff to suffer severe and irreparable harm.

70. As a proximate cause of Defendants' breach of the employment Agreement, Plaintiff has suffered and continues to suffer, substantial losses in earnings, and other employment benefits which she would have received had Defendants' not breached the employment agreement.

70  As a direct, foreseeable, and proximate result of defendants' breach, plaintiff suffered, and continues to suffer, substantial losses in earnings and other employment benefits,

**WHEREFORE,** Plaintiff demands judgment on this Count of the Complaint against the Defendants, jointly and severally, for an Order as follows:

(q)      Compensatory, consequential and incidental damages;

(r)      Punitive damages;

(s)      Interest;

(t)      Attorney's Fees and Costs of Suit;

(u)    Such other and further relief the Court deems proper and just.

## FIFTH COUNT

### (Malicious Harm to Others)

71. Plaintiff repeats each and every allegation of all the preceding paragraphs as if said paragraphs are fully set forth herein.

72. Defendants acted intentionally and/or with malice to harm the Plaintiff herein.

73. Defendants were not justified in their wrongful actions.

74. Defendants' wrongful actions proximately caused the Plaintiff to suffer damages and Defendants are therefore liable to Plaintiff for same.

75. As a proximate cause of Defendants' breach of the employment Agreement, Plaintiff has suffered and continues to suffer, substantial losses in earnings, and other employment benefits which she would have received had Defendants' not breached the employment agreement.

76. As a direct, foreseeable, and proximate result of defendants' breach, plaintiff suffered, and continues to suffer, substantial losses in earnings and other employment benefits,

**WHEREFORE,** Plaintiff demands judgment on this Count of the Complaint against the Defendants, jointly and severally, for an Order as follows:

(v)    Compensatory, consequential, special and incidental damages;

(w)    Punitive damages;

(x)    Interest;

(y)    Attorney's Fees and Costs of Suit;

(z)    Such other and further relief the Court deems proper and just.

## SIXTH COUNT

### (Promissory Estoppel)

77. Plaintiff repeats each and every allegation of all the preceding paragraphs as if said paragraphs are fully set forth herein.

78. Defendants made a clear and definite promise which is in part contained within the terms of the executed employment Agreement.

79. The Defendants made said promise reasonably expecting the Plaintiff to rely on the promise and be bound by same.

80. Plaintiff reasonably relied upon said promises and same was justified.

81. The Defendants failure to abide by said promises proximately caused the Plaintiff to suffer damages and caused Plaintiff a detriment that was definite and substantial.

82. As a proximate cause of Defendants' breach of the employment Agreement, Plaintiff has suffered and continues to suffer, substantial losses in earnings, and other employment benefits which she would have received had Defendants' not breached the employment agreement.

83. As a direct, foreseeable, and proximate result of defendants' breach, plaintiff suffered, and continues to suffer, substantial losses in earnings and other employment benefits.

**WHEREFORE,** Plaintiff demands judgment on this Count of the Complaint against the Defendants, jointly and severally, for an Order as follows:

(aa)    Compensatory, consequential and incidental damages;

(bb)    Punitive damages;

(cc)    Interest;

(dd)    Attorney's Fees and Costs of Suit;

(ee)    Such    other    and    further    relief    the    Court    deems    proper    and    just,

## SEVENTH COUNT

### (Civil Conspiracy)

84. Plaintiff repeats each and every allegation of all the preceding paragraphs as if said paragraphs are fully set forth herein.

85. The Defendants through their respective employees, officers, agreed in concert with one another to commit unlawful acts against the Plaintiff.

86. The Defendants through their respective employees, officers, agreed in concert with one another to commit lawful act by unlawful means and/or an unlawful act by unlawful means against the Plaintiff.

87. As a result of the conspiracy of the Defendants and their respective employees, Plaintiff has been and will continue in the future to be damaged.

88. As a direct, foreseeable, and proximate result of defendants' breach, plaintiff suffered, and continues to suffer, substantial losses in earnings and other employment benefits.

**WHEREFORE,** Plaintiff demands judgment on this Count of the Complaint against the Defendants, jointly and severally, for an Order as follows:

(ff)    Compensatory, consequential and incidental damages;

(gg)    Punitive damages;

(hh)    Interest;

(ii)    Attorney's Fees and Costs of Suit;

(jj)    Such other and further relief the Court deems proper and just,

## EIGHTH COUNT

### (AGE DISCRIMINATION-LADA)

89. Plaintiff repeats each and every allegation of all the preceding paragraphs as if said paragraphs are fully set forth herein.

90. Subjecting the Plaintiff to disparate treatment and adverse employment actions by the Defendants in whole or in part because of her age was in violation of New Jersey Law Against Discrimination Act, N.J.S.A 10.5-1 et. seq.

91. As a direct and proximate result of Defendants' actions, Plaintiff was made to suffer loss of her employment, income, benefits, and job security in violation of her civil rights under the statute.

92. As a direct and proximate result of Defendants' actions, Plaintiff has also been made to suffer mental anguish, pain and suffering, embarrassment and humiliation.

93. As a direct and proximate result of Defendants' actions, Plaintiff has also been made to suffer mental anguish, pain and suffering, embarrassment and humiliation in the future.

**WHEREFORE,** Plaintiff demands judgment on this Count of the Complaint against the Defendants, jointly and severally, for an Order as follows:

(kk)    Compensatory, consequential and incidental damages;

(ll)    Punitive damages;

(mm) Interest;

(nn) Attorney's Fees and Costs of Suit;

(oo) Such other and further relief the Court deems proper and just,

## NINTH COUNT

### (AGE DISCRIMINATION-ADEA)

94. Plaintiff repeats each and every allegation of all the preceding paragraphs as if said paragraphs are fully set forth herein.

95. Subjecting the Plaintiff to disparate treatment and adverse employment actions by the Defendants in whole or in part because of her age was in violation of Federal Law Age Discrimination in Employment Act, 28.U.S.C. 621 et. seq.

96. As a direct and proximate result of Defendants' actions, Plaintiff was made to suffer loss of her employment, income, benefits, and job security in violation of her civil rights under the statute.

97. As a direct and proximate result of Defendants' actions, Plaintiff has also been made to suffer mental anguish, pain and suffering, embarrassment and humiliation.

98. As a direct and proximate result of Defendants' actions, Plaintiff has also been made to suffer mental anguish, pain and suffering, embarrassment and humiliation in the future.

**WHEREFORE,** Plaintiff demands judgment on this Count of the Complaint against the Defendants, jointly and severally, for an Order as follows:

(pp) Compensatory, consequential and incidental damages;

(qq)  Punitive damages;

(rr)  Interest;

(ss)  Attorney's Fees and Costs of Suit;

(tt)  Such other and further relief the Court deems proper and just,

## JOINT AND SEVERAL LIABILITY

The Defendants constitute conspiring joint tort-feasors and as such, Plaintiff demands that all of same shall be held jointly and severally liable in part or in whole as to each and all counts and claims asserted against them by the Plaintiff herein.

## REPLY AND ANSWER TO ALL PRESENT AND FUTURE COUNTERCLAIMS

Plaintiff hereby denies each and every allegation that it is responsible or legally liable for any legal cause of action to any Party or to be named Party or as to any other action contained in any counterclaim / crossclaim / third party claims / fourth party claims that are presently asserted against the Plaintiff or that may be asserted against it now and into the future.

## DESIGNATION OF TRIAL ATTORNEY

Marco M. Benucci, Esq. is hereby designated trial attorney for this matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1

The matter in controversy is not the subject of any other known action pending in any Court, or of a pending or contemplated arbitration proceeding. There are no other parties known at this time who should be joined in this action.

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## NOTICE PURSUANT TO RULES 1:5-1(a) and 4:17-4(c)

**PLEASE TAKE NOTICE** that the undersigned attorney for Plaintiff does hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings, interrogatories/discovery and receiving answers thereto serve copies of all such pleadings and answers to interrogatories/discovery from any party upon the undersigned attorney and take notice that this is a continuing demand.

Dated: 7/2/18

Marco M. Bernucci, Esq.
Attorney for the Plaintiff

**Appendix XII-B1**

## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

| | |
|---|---|
| FOR USE BY CLERK'S OFFICE ONLY | |
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| MARCO M. BENUCCI, ESQ. | (908) 393-6445 | Somerset |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| LAW OFFICE OF MARCO M. BENUCCI, LLC | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 1130 ROUTE 202 SOUTH SUITE A-7 RARITAN, NEW JERSEY 08669 | COMPLAINT |
| | JURY DEMAND ■ Yes ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| MICHELLE MAGNANI, PLAINTIFF | MICHELLE MAGNANI VS. MICHAEL MADDALUNA, KIM METZ, HUNTERDON COUNTY BOARD OF VOICATIONAL EDUCATION, ET. AL. |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| 618 | ☐ YES ■ NO | IF YOU HAVE CHECKED "YES", SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ YES ☐ No | IF YES, IS THAT RELATIONSHIP: ■ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☐ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ Yes ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: _____                 7/8/18

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I  -  150 days' discovery**
- 151   NAME CHANGE
- 175   FORFEITURE
- 302   TENANCY
- 399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502   BOOK ACCOUNT (debt collection matters only)
- 505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506   PIP COVERAGE
- 510   UM or UIM CLAIM (coverage issues only)
- 511   ACTION ON NEGOTIABLE INSTRUMENT
- 512   LEMON LAW
- 801   SUMMARY ACTION
- 802   OPEN PUBLIC RECORDS ACT (summary action)
- 999   OTHER (briefly describe nature of action)

**Track II  -  300 days' discovery**
- 305   CONSTRUCTION
- 509   EMPLOYMENT (other than CEPA or LAD)
- 599   CONTRACT/COMMERCIAL TRANSACTION
- 603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605   PERSONAL INJURY
- 610   AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621   UM or UIM CLAIM (includes bodily injury)
- 699   TORT – OTHER

**Track III  -  450 days' discovery**
- 005   CIVIL RIGHTS
- 301   CONDEMNATION
- 602   ASSAULT AND BATTERY
- 604   MEDICAL MALPRACTICE
- 606   PRODUCT LIABILITY
- 607   PROFESSIONAL MALPRACTICE
- 608   TOXIC TORT
- 609   DEFAMATION
- 616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617   INVERSE CONDEMNATION
- 618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV  -  Active Case Management by Individual Judge / 450 days' discovery**
- 156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303   MT. LAUREL
- 508   COMPLEX COMMERCIAL
- 513   COMPLEX CONSTRUCTION
- 514   INSURANCE FRAUD
- 620   FALSE CLAIMS ACT
- 701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | |
|---|---|
| 271  ACCUTANE/ISOTRETINOIN | 292  PELVIC MESH/BARD |
| 274  RISPERDAL/SEROQUEL/ZYPREXA | 293  DEPUY ASR HIP IMPLANT LITIGATION |
| 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295  ALLODERM REGENERATIVE TISSUE MATRIX |
| 282  FOSAMAX | 296  STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285  STRYKER TRIDENT HIP IMPLANTS | 297  MIRENA CONTRACEPTIVE DEVICE |
| 286  LEVAQUIN | 299  OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287  YAZ/YASMIN/OCELLA | 300  TALC-BASED BODY POWDERS |
| 289  REGLAN | 601  ASBESTOS |
| 290  POMPTON LAKES ENVIRONMENTAL LITIGATION | 623  PROPECIA |
| 291  PELVIC MESH/GYNECARE | 624  STRYKER LFIT CoCr V40 FEMORAL HEADS |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**     ☐ Putative Class Action     ☐ Title 59